# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AVNER MANDLER,

        Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

Case No. 2:13-cv-01636-GMN-GWF

**ORDER**

       This matter is before the Court on Plaintiff's Petition for Attorney's Fees, Costs, and Expenses Under the Equal Access to Justice Act (#23), filed on July 7, 2015.  Defendant filed an Opposition (#26) on July 24, 2015 and Plaintiff filed a Reply (#27) on August 12, 2015.

       This case arises out of Plaintiff's action to review the final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits under the Social Security Act.  The Court entered an order reversing the determination of the Commissioner.  *See Dkt. #22*.  Plaintiff now moves the Court for attorney fees, costs and expenses pursuant to the EAJA.

       Under the Equal Access to Justice Act:

> A Court shall award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*See* 28 U.S.C. § 2412(d)(1)(A); *see also Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). "[F]ees and other expenses" include "reasonable attorney fees."  *See* 28 U.S.C. § 2412(d)(2)(A).

If no reasonable basis in law and fact exists for the government's position with respect to the issue on which the court based its remand, EAJA fees are warranted. *See Flores v. Shalala*, 49 F.3d 562, 569-71 (9th Cir. 1995) (finding that the government's position was not substantially justified when the ALJ failed to consider a relevant vocational report); *see also Hardisty*, 592 F.3d at 1079; *Lewis v. Barnhart*, 281 F.3d 1081, 1085 (9th Cir. 2002). "Whether the claimant is ultimately found to be disabled or not, the government's position at each stage must be 'substantially justified.'" *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998); *see also Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (concluding that government's defense of the ALJ's procedural errors was not substantially justified); *Lewis*, 281 F.3d at 1085. If the claimant wins at any intermediate stage of the proceedings, he is considered a "prevailing party" for EAJA purposes even though there may not have been an ultimate disposition of the disability claim. *See Corbin*, 149 F.3d at 1053.

Here, the Court found that the ALJ failed to provide persuasive, specific and valid reasons for not according great weight to the Veterans Administration's disability determination and failed to provide clear and convincing reasons for rejecting the credibility of Plaintiff's statements and testimony regarding the severity of his symptoms. *See Dkt. #21*. The Court remanded Plaintiff's case for further administrative proceedings "to determine whether the reported improvement in Plaintiff's medical condition was of such a degree as to render him not disabled or not longer disabled by his impairments" even though the record supported a conclusion that Plaintiff was disabled between the period from July 2008 through the date of the Social Security Administration's final denial of his claim on June 4, 2013. *Id.* Therefore, the Court finds that the position of the Commissioner was not substantially justified and that Plaintiff is a prevailing party entitled to an award of fees and costs.

The point at which a party must apply for Equal Access to Justice Act fees in social security disability proceedings depends on which kind of remand the district court orders. If a district court enters a judgment reversing and remanding under sentence four, a claimant must apply for fees within 30 days of the date the judgment becomes final, but if the district court remands under sentence six, the claimant cannot apply for fees until completion of the post-remand proceedings. *See* 28 U.S.C. § 2412(d)(1)(B); *see also Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). A

judgment becomes final when the appeal time expires. *See Melkonyan v. Sullivan*, 501 U.S. 89, 101 (1991); *see also* 28 U.S.C. § 2412(d)(2)(G); *see also Robbins v. Barnhart*, 192. F.Supp.2d 1211, 1211 (D.Kan. 2002). Because the prescribed appeal period in Rule 4(a) for cases in which the United States is a party is 60 days, a judgment in a social security case is no longer appealable when the 60-day period has run. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

The fourth sentence of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Therefore, a "sentence four" remand should result in entry of a final judgment by the district court, at which point the claimant is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

The circumstances of this case make clear that the district court's remand with instructions to determine whether the reported improvement in Plaintiff's medical condition rendered him not disabled or not longer disabled was issued pursuant to sentence four. The district court reversed the ALJ's decision because he failed to provide specific and valid reasons for not according great weight to the Veterans Administration's disability determination and failed to provide clear and convincing reasons for discounting Plaintiff's credibility. The remand here was not a sentence-six remand. As the Court explained in *Schaefer*, sentence-six remands may be issued only in two situations: "where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

The issue here is whether the district court's remand order constitutes a separate document for Federal Rule of Civil Procedure 58 purposes, which would trigger the period for appeal.[1] Defendant asserts that final judgment pursuant to Rule 58 has not been entered in this case, and as such, Plaintiff's EAJA application is premature. *See Dkt. #26.* Plaintiff asserts that his petition is timely despite the fact that there is no final judgment and represents that an application is timely so

---

[1] Rule 58 provides in part that "[e]very judgment must be set out in a separate document. . . "

long as it is not filed more than 30-days after the time for appeal has ended. *See Dkt. #27*. In *Schaefer,* the Court explained that, "EAJA's 30-day time limit runs from the end of the period for appeal, not the beginning.  Absent a formal judgment, [the district court's remand order] remained 'appealable' at the time that [claimant] filed his application for EAJA fees, and thus the application was timely under § 2412(d)(1)." *Id.*  There, district court's remand order was simply an adoption of the magistrate's recommendation. *See Sullivan v. Schaefer* Petition for Writ of Certiorari, Appendix E (duplicated in *Newsome v. Shalala*, 8 F.3d 775, 779 n. 19 (11th Cir. 1993)).  The Ninth Circuit has relied on that fact to infer that the Court implicitly held in *Schaefer* that a remand order, which consists exclusively of a district court's adoption of a magistrate's recommendation is not a separate document for Rule 58 purposes. *Yang v. Shalala*, 22 F.3d 213, 216 (9th Cir. 1994) (finding that the EAJA application was timely because Rule 58's separate document requirement was not satisfied, and as such, the time period for filing the EAJA petition never began to run).  In the instant action, the remand order consisted only of the district court's adoption of the magistrate's recommendation. As such, the 30-day period for applying for EAJA attorneys' fees has not yet began to run, and therefore, the Court finds that Plaintiff's application is timely filed.

Unlike fees under the Social Security Act, which are limited to a percentage of the awarded benefits, Equal Access to Justice Act fees are calculated under the lodestar method by examining the attorney's reasonable hours expended and his reasonable hourly rate. *See Astrue v. Ratliff*, 560 U.S. 586, 601 (2010).  Under the EAJA, attorney's fees are set at the market rate, but capped at $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A).  Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the applicable statutory maximum hourly rate in the Ninth Circuit under the EAJA, adjusted for increases in the cost of living is $190.28 for 2015, $190.06 for 2014, and $187.02 for 2013.  Furthermore, the Supreme Court has held that paralegal fees are recoverable at the prevailing market rate as part of an award of "attorneys' fees" under the Equal Access to Justice Act. *See Richlin Security Service Co. v. Chertoff*, 503 U.S. 571, 590 (2008).  The statute explicitly permits

the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party "unduly and unreasonably protracted" the final resolution of the case. *See* 28 U.S.C. § 2412(d)(1)(C), 2412(d)(2)(D).

Counsel for Plaintiff submitted a breakdown of the hours billed on this case, which indicated that his firm has invested 36.3 hours of attorney time and 3.9 hours in paralegal time, for a total of 40.2 hours in the representation of Plaintiff. A survey of fee awards for the EAJA found that 33.75 hours of attorney time was typical and reasonable for a Social Security case. *See Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D.Cal. 2000) (citing district court cases where awards compensating 20 to 40 hours of work were reasonable). Therefore, counsel's time billed in this action appears to be in line with the normal amount of attorney hours spent on a Social Security benefits case.

Counsel's hourly rates range from $287.00 to $587.00 per hour for matters taken on a time-expended basis. Counsel also indicated that the firm normally bills paralegal time at $137.00 per hour for EAJA purposes. In support of this hourly rate, Plaintiff submitted the *United States Consumer Law Attorney Fee Survey Report* for 2010-2011, which establishes that the average market rate for paralegals in California through 2011 was $137.00 per hour. *See Dkt. #23-2*. Based on the lodestar method, the Ninth Circuit's maximum hourly rate for attorneys and the *United States Consumer Law Attorney Fee Survey Report*, the services rendered in this matter amount to $7,431.30.[2] Plaintiff further requests reimbursement for the $400.00 filing fee incurred by Plaintiff to initiate this matter. Therefore, Plaintiff has demonstrated that an award of $7,831.30 is reasonable.

The Treasury Offset Program was extended to EAJA awards in 2005. *See* Plaintiff's *Petition for Writ of Certiorari*, No. 08-1322 in *Astrue v. Ratliff* at pg. 3-4 subsection (1)(b). Therefore, after the Court issues an order for EAJA fees to Avner Mandler, the government will consider the matter of Avner Mandler's assignment of EAJA fees to the Law Offices of Lawrence D. Rohlfing. The retainer agreement containing the assignment is attached to Plaintiff's motion as

---

[2] Attorney's Fees ($190.00 x 36.3 hours = $6,897.00) plus paralegal fees ( $137 x 3.9 = $534.30) for a total of $7,431.30.

Exhibit 23-3.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of Treasury's Offset Program ("TOP").  *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (holding that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States).  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Here, counsel for Plaintiff acknowledges that Plaintiff's assignment of monies owed by the federal government is subject to the government's offset under TOP.  Counsel asserts that "[i]f no interested person or entity makes a superior claim to the fees awarded, the Court should award those fees to Law Offices of Lawrence D. Rohlfing."  *Dkt.* #23 at pg. 13.  As such, fees shall be made payable to Avner Mandler, but if the Department of the Treasury determines that Avner Mandler does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to the Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by Avner Mandler.  *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (the Government most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney); *see also Ray v. Colvin*, 2013 WL 5673413, *2 (C.D. Cal. 2013) (citing cases and directing that attorney's fees subject to any debt offset, be paid directly to plaintiff's counsel).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mandler's Petition for Attorney Fees, Costs, and Expenses Under the Equal Access to Justice Act ("EAJA") (#23) is **granted** in part.  Plaintiff is entitled to an award of fees and costs in the amount of $7,831.30.  Plaintiff's award, however, is subject to government offset pursuant to the above discussion.

**IT IS FURTHER ORDERED** that the Commissioner shall pay $7,831.30 to Avner Mandler, but if the Department of the Treasury determines that Avner Mandler does not owe a

. . .

. . .

. . .

federal debt, then the government shall cause the payment of fees to be made directly to the Law Offices of Lawrence D. Rohlfing as authorized by 28 U.S.C. § 2412(d) and in accordance with the above discussion.

DATED this 9th day of February, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge