# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AVNER MANDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:13-cv-01636-GMN-GWF |
| vs. | ) |
| | ) |
| ANDREW SAUL, Acting Commissioner of Social Security, | ) **ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

Pending before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), (ECF No. 33), filed by Cyrus Safa, to which Defendant Andrew Saul ("Defendant") filed a Notice of Non-Opposition, (ECF No. 34).[1] For the reasons discussed below, the Court **GRANTS** Cyrus Safa's Motion.

## I.  BACKGROUND

On March 30, 2015, the Court entered its Order remanding this case for further proceedings before the Social Security Administration. (Order, ECF No. 22). While on remand, the Social Security Administration granted Plaintiff an award of retroactive benefits amounting to $169,970.00. (*See* Mot. Attorney Fees 3:6–8, ECF No. 33). Cyrus Safa—on behalf of the Law Offices of Lawrence D. Rohlfing which represented Plaintiff Avner Mandler ("Plaintiff") in his federal claim—accordingly now requests an award of attorney's fees amounting to $40,000.00 pursuant to 42 U.S.C. § 406(b) for time spent before the Court. (*Id*. at 8:1–2).

---

[1] Andrew Saul is now the Acting Commissioner of Social Security.  Under Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for the previous Acting Commissioner as the defendant in this suit.

## II. LEGAL STANDARD

42 U.S.C. § 406(b) states, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In the circumstance of an agreement between the claimant and counsel on attorney's fees for such representation, the United States Supreme Court has instructed that courts generally must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nevertheless, the Court has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). Moreover, "[t]he attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148.

The Ninth Circuit in *Crawford v. Astrue* highlighted three factors to consider in determining the reasonableness of the attorney's fees. *Astrue*, 586 F.3d 1142 (9th Cir. 2009).

> First, no reduction in fees due to substandard performance was warranted. [. . .] Second, no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits. Finally, the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved.

(*Id*. at 1151–52). The Court reviews these factors in turn.

## III. DISCUSSION

Mr. Safa supports his pending request for $40,000.00 in attorney's fees by providing the Court with a Social Security Representation Agreement signed by Plaintiff when he retained the Law Offices of Lawrence D. Rohlfing for this matter. (Social Security Representation Agreement, Mot. Attorney's Fees, ECF No. 33-1); (Mot. Attorney's Fees 6:19–7:11, ECF No.

33). This Representation Agreement provides that, "if this matter requested judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of the matter [will be] 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (*Id.* ¶ 4).

After reviewing Mr. Safa's Motion, (ECF No. 33), and supporting evidence, the Court finds that a sufficient showing has been made to support the request for $40,000.00 in attorney's fees pursuant to 42 U.S.C. § 406. First, the record here does not reflect substandard representation or dilatory conduct by counsel in order to increase the accrued amount of past-due benefits. (*See* Report and Recommendation 1:24–2:5, ECF No. 21) (detailing Plaintiff's initial claim for benefits in June of 2010, timely appeal of the denial of her claim to the Appeals Council, and timely appeal of the Appeals Council's affirmance of denial to this Court); (Notice of Award at 3, ECF No. 33-3) (awarding backpay benefits on August 27, 2018). Second, the final requested award does not appear excessive considering the time counsel spent in this case. That is, Mr. Safa declares that the "Law Offices of Lawrence D. Rohlfing expended 40.2 hours of attorney time and paralegal time in the representation of Avner Mandler in this matter through the entry of the order of remand." (Decl. Cyrus Safa ¶ 5, ECF No. 33); (*see also* Timesheets, Ex. 4 to Mot. Attorney Fees, ECF No. 33-4). Though the requested fee of $40,000.00 results in an effective hourly rate of $995.03, courts both in this district and circuit have approved similar or higher hourly fee requests when reviewing for reasonableness. *Kocan v. Colvin*, No. 2:14-cv-01058-JAD-NJK, 2016 WL 888828, at *2 (D. Nev. Feb. 16, 2016), *report and recommendation adopted*, No. 2:14-cv-01058-JAD-NJK, 2016 WL 884886 (D. Nev. Mar. 7, 2016) (approving an effective hourly rate of roughly $727.00); *Melendez Meza v. Berryhill*, No. EDCV 16-1286-KS, 2019 WL 1751833, at *3 (C.D. Cal. Feb. 25, 2019) ("The Ninth Circuit has found reasonable fees with effective hourly rates exceeding $900, and the Central District of California has repeatedly found reasonable fees with effective

hourly rates exceeding $1,000 per hour."); *cf. Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).  Another fact that reinforces the reasonableness of the fee requested here is that Mr. Safa seeks less than the full amount authorized by the Representation Agreement with Plaintiff, which would be $42,492.50 based on 25% of Plaintiff's $169,970.00 backpay award.

One additional inquiry that the Court must address relates to Mr. Safa's previous award in this matter pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*See* Order at 6, ECF No. 30).  "Fee awards may be made [pursuant to the EAJA and past-due Social Security benefits], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186).  Mr. Safa recognizes that he must offset his award of attorney's fees under the EAJA. (Mot. Attorney Fees 8:5–6).  The Court's docket, however, states that Plaintiff's award under the EAJA amounts to $7,831.30—$7,431.30 in attorney's fees and $400.00 in expenses. (*See* Order, ECF No. 30).  Therefore, because the total EAJA fee award was $7,831.30, the Court accordingly directs the Law Offices of Lawrence D. Rohlfing to refund $7.831.30 to Plaintiff Avner Mandler.

//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Cyrus Safa's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), (ECF No. 33), is **GRANTED**. A fee award in the amount of $40,000.00 for work before the Court is to be paid to the Law Offices of Lawrence D. Rohlfing from the sums held by the Social Security Commissioner from Plaintiff's past-due benefits.

**IT IS FURTHER ORDERED** that the Law Offices of Lawrence D. Rohlfing shall refund $7,831.30 to Plaintiff Avner Mandler for funds previously paid under the Equal Access to Justice Act, which shall be credited against the $40,000.00 award in this Order. (*See* Order Granting Stipulation, ECF No. 30).

**DATED** this __14__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Judge